UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOREEN A. KOLLER, | Case No. C04-5170RBL |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JOANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrate Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed by the parties. The undersigned now submits the following report, recommending that the Court affirm the administrative decision to deny plaintiff social security benefits.

## INTRODUCTION

At the time of her administrative hearing, Ms. Koller was 36 years old (Tr.612). She had a 9th grade education and received a GED (Tr. 612). Her past relevant work was as a home health care aide, an automotive parts worker, a bookkeeper and receptionist (Tr. 91-98). Ms. Koller stopped working in July 1998. At that time she was experiencing chronic back pain that radiated into her left leg and caused her legs to give away. Ms. Koller filed her application for disability benefits based upon a combination of severe mental and physical impairments. In addition to chronic back and leg pain, she alleges daily

1  headaches, endometriosis and fibromyalgia. She also alleges she suffers from anxiety disorder, personality
2  disorder and somatoform disorder.
3      Ms. Koller filed applications for Disability Insurance Benefits and Supplemental Security Income
4  Benefits on December 17, 1999 (Tr. 77-79 and 430-433).  Her initial application for benefits was denied on
5  April 14, 2000 and March 31, 2000 (Tr. 35-38 and 434-435).  She filed her Request for Reconsideration
6  on May 16, 2000 (Tr. 39-40).  Her Request for Reconsideration was denied on July 25, 2000 and July 13,
7  2000 (Tr. 41-43 and 441-443).  She filed her Request for Hearing on October 10, 2000 (Tr. 49-50). Her
8  hearing was held on June 5, 2001, before Administrative Law Judge Donald P. Krainess, (hereinafter
9  referred to as, "ALJ"). The ALJ issued an Unfavorable Decision on October 31, 2001 (Tr. 18-30).  Ms.
10 Koller filed a Request for Review on of Hearing Decision on November 7, 2001 (Tr. 16-17). The Appeals
11 Council upheld the decision of the ALJ on January 30, 2004 (Tr. 9-14).
12     Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as
13 amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision denying plaintiff's application
14 for benefits.

## DISCUSSION

16 The Commissioner's decision must be upheld if the ALJ applied the proper legal standard and the
17 decision is supported by substantial evidence in the record.  Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th
18 Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant
19 evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales,
20 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla
21 but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v.
22 Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational
23 interpretation, this Court must uphold the Commissioner's decision.  Allen v. Heckler, 749 F.2d 577, 579
24 (9th Cir. 1984).

25 **A. The ALJ Properly Weighed Ms. Koller's Credibility**

26     Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority
27 on evaluating plaintiff's subjective complaints.  Bunnell requires the ALJ findings to be properly supported
28 by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator

REPORT AND RECOMMENDATION
Page - 2

1 rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's
2 testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215
3 (11th Cir. 1991)). An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform
4 household chores and other activities that involve many of the same physical tasks as a particular type of
5 job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen,
6 *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require
7 that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be
8 easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not credible. After reviewing the record, the court finds that the ALJ properly weighed plaintiff's credibility. After summarizing and discussing plaintiff's medical complaints and history, the ALJ discussed Ms. Koller's credibility and testimony, stating:

> The claimant testified that she continues to suffer from severe back pain, which radiates down her left leg resulting in giveaway weakness in her leg. On some days it does not radiate down her leg. She also has numbing and tingling in her back. The treating physicians have utilized the full range of conservative treatment for her back pain without any improvement. She has daily migraine or tension headaches. She has a history of treatment for endometriosis. She has panic attacks consisting of a sensation of weight in her chest, being under water, inability to breathe, and the feeling of pressure on her. The panic attacks are now fairly well controlled with prescribed Valium. They occur approximately once every two weeks. Sometimes her skin feels as though it is crawling and she is unable to wear jewelry and clothing. Her migraine headaches involve extreme pain, light sensitivity, nausea, and an inability to tolerate loud noises. She had difficulties talking with people. She spends a great deal of time in her bed, on the couch and caring for her son. She can do the dishes and prepare two meals a day. She sleeps three hours on a good night.
>
> Social Security Ruling 96-7p provides that a decisions must contain specific reason for finding regarding a claimant's credibility that are supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual, and to any subsequent reviewer, the weight the judicature gives the individual's statements and the reasons for that weight.
>
> In weighing the consistency of the claimant's statement, the objective clinical diagnostic findings show that the claimant has a low back strain. That impairment cannot reasonably be expected to cause the symptoms and limitations, which the claimant alleges. The treating pain specialist, Dr. Sager, noted that trial of opioid medications met with no improvement in her functional status or subjective complaints. Treatment of every conceivable organic source of her pain did not result in any improvement. Dr. Sager felt that she would benefit from psychological counseling (Exhibit 38F). The claimant's care of her infant child, care of her personal needs, food preparation, shopping and driving indicate that she is participating longer in independent daily living activities than she reports. She has been non-compliant with her medication prescriptions and drug seeking according to treating physician Dr. Gary Heine (Exhibit 40F). X-rays and a MRI scan have been normal. She

REPORT AND RECOMMENDATION
Page - 3

concedes that her panic attacks are fairly well controlled with prescribed Valium. She claims to be more or less bedridden several days a week. This statement is not wholly credible in view of her wide range of daily living activities, the treating physician's opinion and secondary gain motivation. Accordingly, I find the claimant's testimony is not wholly credible.

Tr. 26.

Substantial evidence in the record supports the ALJ's analysis. For example, Dr. Underdown noted that she engaged in drug seeking behavior with opiate and benzodiazepine abuse (Tr. 24, 319), he also stated that her chronic narcotic usage and dependency complicated her prognosis (Tr. 25, 423). Dr. Heine assessed that she was dependent on benzodiazepines and opiates (Tr. 24, 372), and he began a weaning program of the drug on May 11, 2000 (Tr. 371). Dr. Heine reported her as medically non-compliant in June 2000, because of her failure to follow prescribed medications protocol, and her addiction to Valium (Tr. 25, 424). The ALJ properly discredited plaintiff's testimony, including her allegations of total disability.

Similarly, the ALJ properly weighed the testimony or statements provided by plaintiff's former husband, who claimed Ms. Koller was unable to carry her son, stand for long periods, or perform housework without significant difficulty. The ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996. Here, the ALJ noted the inconsistency in these statements when compared to plaintiff's testimony and the fact that Mr. Koller had not lived with Ms. Koller for several years. The ALJ did not address plaintiff's mother, Bette Mathe's statements, which were submitted in a letter. However, in light of the ALJ's proper analysis of plaintiff's credibility and the credibility of the statements made by Mr. Koller, the court finds this was harmless error. *See* Batson v. Comm. of Soc. Sec., 359 F.3d 1190, 1197 (9th Cir. 2004).

**B. The ALJ Properly Weighed The Medical Evidence In The Record**

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute

REPORT AND RECOMMENDATION
Page - 4

1  substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating

2  physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747,

3  751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion

4  because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied

5  on laboratory test results, contrary reports from examining physicians and on testimony from the claimant

6  that conflicted with the treating physician's opinion. Here, plaintiff contends the ALJ erroneously

7  considered the medial evidence, particularly the opinions of Dr. Underdown, Dr. Aflatooni and Dr. Heine.

8      The ALJ's opinion carefully reviews plaintiff's medical history from the Fall of 1998 through May

9  2000, and the ALJ summarized the records and opinions for Drs. Benoit, Haydu, Davis, Duff, Staker,

10  Sager, Bruce, Underdown, Heine, Killoran, Clifford, and Neims. Tr. 23- 28. To assist the ALJ consider

11  the medical evidence, a medical expert, Dr. Johnson, was called to testify at the hearing. The ALJ

12  summarized the medical expert's opinion, ad follows.

> The medical expert, Dr. C. Richard Johnson, testified that his review of the medical records shows that the claimant has the following documented impairments: an anxiety disorder, a mixed personality disorder, and psychological factors affecting her physical condition. Dr. Johnson noted the claimant's physical impairments were related to an undifferentiated somatoform disorder by Dr. Killoran. Dr. Johnson felt the claimant's anxiety disorder had been improved by control of her panic attacks my medications. Dr. Johonson found that she has a mixed personality disorder with pathological dependence and unstable interpersonal relationships. Dr. Johnson interpreted the claimant's condition of having psychological factors affecting her physical condition which falls within the area of a somatoform disorder. Dr. Johnson felt that the claimant has an unrealistic interpretation of physical signs or sensations associated with the belief that she has a serious injury. Dr. Johnson further felt the claimant would have moderately restricted activities of daily living. The doctor noted that she lives by herself and cares for her baby routinely. The doctor further found that the claimant has moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence or pace.

21  Tr. 27. Considering the medical evidence along with the record as a whole, the ALJ concluded Ms. Koller

22  "has the residual functional capacity to perform a full range of light work with occasional lifting of up to 20

23  pounds, and frequently lifting of up to 10 pounds with the ability to change positions fairly frequently, and

24  the requirement that she have infrequent contact with general public, per the opinion of the medical expert,

25  which I accept." Tr. 28. The ALJ explained this finding, stating:

> A review of the clinical diagnostic findings reveals that the claimant has normal radiology, no obvious organic source of her pain complaints, and a very strong somatic focus complicated by a passive dependent mixed personality disorder and a relatively satisfactorily controlled anxiety disorder according to the medical expert. It is conceded that the claimant has psychological factors affecting her physical condition, which has been described as an unrealistic interpretation of physical signs associated with the belief that she has a serious

injury, otherwise known as a somatoform disorder. However, because the claimant has a chronic back strain, her perception of pain is such that she has to be able to change positions fairly frequently, according to Dr. Johnson. I have reviewed the claimant's activities of daily living, the clinical diagnostic findings, the opinions of orthopedic specialists, her treating pain clinic physician's assessment, her excessive use of benzoidiazepines, the treating physician's findings, and the claimant's testimony.

Tr. 27-28.

After reviewing the record, this court finds the ALJ's decision is properly supported by evidence in the record and free of legal error. As noted above the ALJ is given the duty to resolve conflicts in the medical record and to determine the ultimate issue of disability. The record in this case contains several medical opinions that vary to differing degrees. Many of the opinions are based on plaintiff's subjective complaints, which as explained above, were properly discredited by the ALJ.

The ALJ properly evaluated the opinions of Ms. Koller's treating and evaluating physicians. Specifically, regarding the opinion of Dr. Underdown, the ALJ wrote:

> One of the treating physicians, Dr. Underdown, submitted a medical questionnaire which concludes the claimant is capable of occasional lifting of up to 20 pounds, frequent lifting of up to 5 pounds, sitting for less than two hours, standing for less than one hour, and walking for less than two hours during a normal 8 hour day. Under these conditions the claimant must alternate positions every 15- to 20 minutes with one ten minute rest period per hour. A review of the record shows that Dr. Underwood fails to provide a well-documented basis for this opinion (Exhibit 39F).
>
> The doctor concedes that the claimant has no radiculopathy, no neurological sequalae or findings, and no other physical findings other than persistent muscle spasms. The doctor is not a specialist in orthopedics, psychology or psychiatry. [Omitted] Dr. Underdown's restriction of the claimant to 5 hours work a day is inconsistent with her independent living activities. Those were set out in her testimony, and in the State medical consultant's mental residual functional capacity assessment (Exhibit 25). Accordingly, I do not find Dr. Underdown's opinion to be well founded. Therefore, it is accorded minimal weight.

Tr. 27.

With respect to Dr. Heine, the ALJ noted this opinion in the context of plaintiff's failure to comply with medication prescriptions and drug seeking behavior. Tr. 26. Dr. Aflatooni's opinion was not specifically addressed by the ALJ, but in light of the ALJ's summary of the several other opinions and his reliance on the medical expert's opinion, this failure to comment on Dr. Aflatooni's report was harmless. Batson, 359 F.3d at 1197.

**C.  The ALJ Properly Concluded Ms. Koller Is Capable Of Performing Work As A Cleaner Or Night Guard**

At step-five the Commissioner bears the burden to produce evidence of other jobs existing in

REPORT AND RECOMMENDATION
Page - 6

significant numbers in the national economy that plaintiff could perform in light of his age, education, work experience, and residual functional capacity. *See* <u>Tackett v. Apfel</u>,180 F.3d 1094,1099 (9th Cir. 1999); <u>Roberts v. Shalala</u>, 66 F.3d 179, 184 (9th Civ. 1995). In <u>Tackett</u>, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." <u>Id</u>.

Here, the ALJ found plaintiff capable of working as a cleaner or night guard. Tr. 28. Plaintiff argues this finding is erroneous, and plaintiff argues the ALJ cannot rely on the testimony of the Vocational Expert because it is based on an erroneous residual functional capacity analysis.

Plaintiff's allegation is without merit. Plaintiff's argument is based on the allegation that the ALJ failed to properly take into account her subjective complaints and the opinions of Drs. Underwood, Heine, and Aflatooni. As explained above, the ALJ did not err in his analysis of Ms. Koller's testimony or the medical evidence. The ALJ is not obligated to accept all of a claimant's proposed limitations, as long as the ALJ's findings are supported by substantial evidence. <u>See</u> <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Accordingly, the ALJ properly relied on the Vocational Expert's testimony and finding that Ms. Koller was capable of working as a cleaner or night guard.

**D.   "New Evidence" Does Not Warrant Remand or Reopening The Administrative Record**

Under the Social Security Act, the court may order the administration to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Thus, the plaintiff must show that the proffered new medical evidence is: "(1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide the claimant's application differently. Finally, claimant must show (3) good cause for [his] failure to present the evidence earlier." <u>Tirado v. Bowen</u>, 842 F.2d 595, 597 (2d Cir.1988) (internal citations omitted); see <u>Sanchez v. Secretary of Health and Human Serv</u>., 812 F.2d 509, 511 (9th Cir.1987) and <u>Booz v. Secretary of Health & Human Services</u>, 734 F.2d 1378, 1380 (9th Cir. 1984).

REPORT AND RECOMMENDATION
Page - 7

|   |   |
|---|---|
| 1 | After the ALJ rendered his opinion, plaintiff submitted additional medical evidence to the |
| 2 | administration.  Ms. Koller submitted additional evidence produced after the date of the ALJ's decision. |
| 3 | The evidence arguably shows that Ms. Koller was diagnosed with fibromyalgia by Dr. Litsky, treated for |
| 4 | low back pain by Dr. Baker, who allowed her to take Percocet, and treated by Dr. Wanwig, who continued |
| 5 | to prescribe Valium and provide psychotherapy  (Tr. 503-517, 518-558 and 446-463).  On  July 3, 2002, |
| 6 | Dr. Baker, her treating doctor stated that she was disabled due to chronic neck and back pain and the |
| 7 | duration of her disability was indefinite (Tr. 444). |
| 8 | When this evidence was reviewed by the administration's Appeals Council and they found that it |
| 9 | did not provide a sufficient basis to change the ALJ's decision. Tr. 9-10.  Significantly, the evidence |
| 10 | submitted by plaintiff is dated well after October 2001, the date of the ALJ's decision. After reviewing the |
| 11 | record, the court finds the newly submitted evidence should not be considered.  The information is not |
| 12 | material to the ALJ's decision.   The record must close at some time.   In addition, the material appears to |
| 13 | be cumulative of the information previously addressed by the ALJ. |

## CONCLUSION

The ALJ's decision is supported by substantial evidence in the record.  Therefore, the Court should AFFIRM the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 26, 2005**, as noted in the caption.

DATED this 2nd day of August, 2005.

>     */s/ J. Kelley Arnold*
>     J. Kelley Arnold
>     U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 8